BARRETT et al. v. STATE.

(Supreme Court, Appellate Division, Third Department. May 18, 1916.)

Appeal from Board of Claims.
Claim by William G. Barrett and another against the State of New York. The Board of Claims made an award to claimants, and the State appeals. Determination affirmed.
Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

PER CURIAM. Determination affirmed, with costs.

JOHN M. KELLOGG, P. J. (dissenting). The Board of Claims awarded the claimants $1,900 and interest on account of damage done their forest land by wild beavers. Prior to 1906 there were but few beavers in the Adirondack region and none in the vicinity of the plaintiffs' land.

By chapter 299 of the Laws of 1906 $1,000 was appropriated by the Legislature "for the purpose of purchasing wild beaver and their liberation in the Adirondack region, as specified in section 14 of the Forest, Fish and Game Law." Section 14, referred to, provided that there should be no open season for beaver. Following the act, four beavers were purchased and liberated by the state, near the claimants' land, and it is a fair inference that the injury to their property in 1911 and 1912 was caused by the beavers so purchased and liberated, or by their offspring.

"The general ownership of wild animals, as far as they are capable of ownership, is in the state, not as a proprietor, but in its collective sovereign capacity, as the representative and for the benefit of all its citizens in common." 3 Corpus Juris, 18; People v. Bootman, 180 N. Y. 1, 72 N. E. 505, 2 Ann. Cas. 226; 1 Ruling Case Law, 1063.

The state may regulate the manner in which wild animals may be captured, and may make laws for their protection, preservation, and propagation. This power is the exercise of the ordinary police power

of the state, by which the Legislature determines what shall or shall not be done in the interest of the public welfare, and so long as the laws enacted have a reasonable tendency to accomplish that purpose the courts cannot review the legislative determination as to what the public welfare demands. The statutes are full of laws made for the preservation, protection, and propagation of wild animals and game, and concededly such laws are made in the public interest. The courts and the Legislature are chargeable with knowledge of the habits and nature of wild beaver, and with such knowledge the Legislature determined that it was for the public interest that they should be purchased and liberated. The state cannot be charged with negligence in not guarding them, for the statute contemplated that they were to be set at liberty in the forest and remain wild animals. The purchase and liberation of the beaver were lawful acts, and were in accordance with the mandate of the Legislature. The state has violated no duty it owed to the claimants. The loss to the claimants, so far as the state is concerned, arises from the exercise of a governmental function, and the state is not liable for damages which may result therefrom.

The determination should therefore be reversed, and the claim dismissed, with costs.